FILED
2022 JAN 12 PM 12:26
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HIGH FIVE SHOPPERS aka GADGETS FORT; KAVITA KUMARI dba EXPRESS DEALS; MYBRANDLABS.COM; and DOES 1- 10,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS (DOC. NO. 7)**<br><br>Case No. 2:21-cv-00479<br><br>Magistrate Judge Daphne A. Oberg |

　　　Before the court is Plaintiff XMission, L.C.'s ("XMission") Ex Parte Motion for Alternative Service of Process, ("Mot.," Doc. No. 7). XMission seeks leave to serve Defendants High Five Shoppers, Kavita Kumari, and MyBrandLabs.com via email. At the court's invitation, XMission submitted supplemental materials regarding efforts to locate Kavita Kumari. (Doc. No. 10.) For the reasons explained below, the court GRANTS the motion.

　　　In its complaint, XMission alleges Kavita Kumari is an individual who owns, operates, and/or controls Defendants High Five Shoppers and MyBrandLabs.com. (Compl. ¶ 2, Doc. No. 2.) XMission alleges Defendant High Five Shoppers aka Gadgets Fort is a business entity and/or dba of Kavita Kumari, which operates online and does business as highfiveshoppers.com, highfiveshoppers.co, and gadgetsfort.com. (*Id.* ¶ 3.) XMission alleges Defendant MyBrandLabs.com is a business entity and/or dba of Kavita Kumari, which operates and does business as mybrandlabs.com. (*Id.* ¶ 4.)

1

As set forth in the motion and supporting declaration and exhibits, XMission's counsel attempted to locate Defendants by searching for corporate records in state databases, performing online research, contacting emails addresses associated with the websites, and obtaining post office information. (Ex. A to Mot., Decl. of Jordan K. Cameron ("Cameron Decl.") ¶ 3, Doc. No. 7-1; Ex. B to Mot., Decl. of Gregory D. Phillips ("Phillips Decl.") ¶ 3, Doc. No. 7-4.) Two of the websites allegedly operated by Defendants listed a corporate address in California, and High Five Shoppers advertised another address in Florida. (Cameron Decl. ¶¶ 4–5, Doc. No. 7-1.) XMission's counsel sent requests to the United States Postal Service for post office information pertaining to these addresses. (*Id.* ¶ 6.) The postmaster responded that the California address was a false address, and the Florida address was not associated with High Five Shoppers. (*Id.* ¶¶ 7–8; Exs. 1 & 2 to Cameron Decl., Doc. Nos. 7-2 & 7-3.) XMission's counsel also obtained domain registrant information for two of the websites, which included a contact email address of kavita3291@gmail.com. (Cameron Decl. ¶ 9, Doc. No. 7-1.) Counsel emailed this address on August 3, 2021, and received a response indicating mybrandlabs.com was the recipient's domain. (*Id.* ¶¶ 10–11.) When counsel notified the recipient a lawsuit was going to be filed arising from Defendants' marketing practices, the recipient responded "please proceed." (*Id.* ¶ 12.) XMission's counsel also subpoenaed the United States Postal Service for registration information for the Florida address and Google for the account holder information for kavita3291@gmail.com, but has not received any response. (Phillips Decl. ¶¶ 5–9, Doc. No. 7-4; Exs. 1 & 2 to Phillips Decl., Doc. Nos. 7-5 & 7-6.)

As set forth in the supplemental materials, XMission conducted a registrant identity search for highfiveshoppers.com and obtained contact information showing an address for

Kavita Kumari in India.  (Resp. to Order to Suppl. Mot. for Alternative Service of Process 1–2, Doc. No. 10; Suppl. Decl. of Gregory D. Phillips ("Suppl. Phillips Decl.") ¶ 4, Doc. No. 10-1 at 2; Ex. A to Suppl. Phillips Decl., Doc. No. 10-1 at 3–8.)  XMission's counsel conducted online research regarding this address and believes it is false, based on the fact that (1) counsel could locate no address corresponding to the registered address, the closest being a bus stop; (2) the name of the township in the registered address is misspelled; and (3) the name Kavita Kumari is the name of an Indian movie star and also a finalist for Mrs. India.  (Suppl. Phillips Decl. ¶¶ 7–10, Doc. No. 10-1 at 2; Exs. C & D to Suppl. Phillips Decl., Doc. No. 10-1 at 12–17.) The registrant of highfiveshoppers.com has subsequently masked and hidden its contact information behind a privacy service.  (Suppl. Phillips Decl. ¶ 5, Doc. No. 10-1 at 2; Ex. B to Suppl. Phillips Decl., Doc. No. 10-1 at 9–10.)

XMission's counsel states neither he nor XMission have been able to find any other physical addresses for Defendants.  (Phillips Decl. ¶ 10, Doc. No. 7-4; Suppl. Phillips Decl. ¶ 6, Doc. No. 10-1 at 2.)  XMission now seeks leave to serve Defendants via email to kavita3291@gmail.com and to info@gadgetsfort.com, the "contact us" email address listed on gadgetsfort.com.

As relevant here, Rule 4(e) of the Federal Rules of Civil Procedure governs service of an individual, and Rule 4(h) governs serving a corporation, partnership, or other unincorporated entity.  Specifically, Rule 4(h)(1)(A) permits service of such entities "in the manner described in Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  And Rule 4(e)(1) provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where

service is made." Fed. R. Civ. P. 4(e)(1).  In this case, XMission filed its complaint in the District of Utah.  Therefore, Utah law is applicable.

Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means." Utah R. Civ. P. 4(d)(5)(A).  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party." *Id.* Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

XMission has met its burden to make reasonably diligent efforts to locate and serve Defendants.  As described above, XMission conducted extensive research to attempt to locate physical addresses for Defendants, including investigating addresses associated with the websites operated by Defendants, obtaining domain registration information, and searching corporate registration records.  There is also good cause to believe Defendants are avoiding service, based on evidence presented by XMission that the physical addresses listed on the websites and used to register the domains are false addresses.  Moreover, service by email is reasonably calculated under the circumstances to apprise Defendants of this action, particularly where XMission has received responses from one of these email addresses to communications regarding this case.

5

For these reasons, the court GRANTS the motion and ORDERS that Defendants may be served as follows:

(1) By sending the summons, the complaint, and a copy of this order to Defendants at the following email addresses three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received acknowledging receipt of service):

kavita3291@gmail.com

info@gadgetsfort.com

(2) Upon completion of these steps, service shall be deemed complete, and XMission shall file proof of compliance with the court's order.

DATED this 12th day of January, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge